**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALFREDO ALVAREZ GUERRA,

Petitioner,

vs.

JOHN MATTOS, *et al.*,

Respondents.

Case No.: 2:26-cv-01401-GMN-EJY

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 18 U.S.C. § 2241**

Pending before the Court is Petitioner Alfredo Alvarez Guerra's Petition for Writ of Habeas Corpus under 18 U.S.C. § 2241, (ECF No. 8). Federal Respondents Ruben Leyva, Todd Lyons, Markwayne Mullin, and Todd Blanche filed a Response, (ECF No. 9).[1] Petitioner filed a Reply, (ECF No. 10). Because Petitioner's removal is not reasonably foreseeable, the Court GRANTS the Petition.

## I. BACKGROUND

Petitioner is a citizen of Cuba. (Pet. 14:4, ECF No. 1). He is not a citizen of any other country and does not have a lawful immigration status in any other country. (*Id.* 14:4–6). Petitioner used the CBP One app to enter the United States on June 21, 2023, and applied for residency in July 2024. (Immigration Docs. at 6, Ex. 5 to Pet., ECF No. 1-6). He obtained a work permit, driver's license, and social security card in 2024. (Pet. 14:8–9).

Petitioner was taken into ICE custody on March 10, 2025, and has been detained since. (*Id.* 14:9–10). On May 21, 2025, an IJ denied Petitioner asylum, but granted him withholding of removal from Cuba. (*Id.* 14:10–13). Petitioner appealed the IJ's decision, and the BIA denied his appeal on January 22, 2026. (*Id.* 14:11–14).

[1] Respondent John Mattos filed a separate Response, (ECF No. 8), indicating that he has no independent authority to release Petitioner, and thus takes no position on the relief sought.

Earlier this year, Petitioner filed a counseled petition for a writ of habeas corpus before this Court requesting the Court (1) enjoin Respondents from removing him to a third country without sufficient procedure, and (2) order his immediate release. *See Alvarez Guerra v. Blanche, et al.*, No. 2:26-CV-00498-GMN-MDC, 2026 WL 949027, at *1–6 (D. Nev. Apr. 7, 2026). This Court granted Petitioner's first request, but determined that Petitioner's request for release was premature because his removal period had not yet expired. The Court thus denied that part of the petition without prejudice "so that Petitioner [could] file a new habeas case challenging the constitutionality of his detention in the future if he so chooses." *Id.* at *5–6. A day after the Court's Order was entered, ICE issued Petitioner a Notice of Removal to Mexico. (Notice of Removal, Ex. 6 to Pet., ECF No. 1-7). Since this Court's Order prohibiting removal to a third country without sufficient procedure, ICE has ceased attempts to remove Petitioner to Mexico. (Pet. 15:14–16).

Petitioner now files a new habeas petition challenging his nearly five-month post-removal detention. With this Petition, Petitioner seeks immediate release.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Petitioner argues that his continued detention (1) violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) violates the Administrative Procedures Act, 5 U.S.C. § 706(2)(A); and (3) violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(6). The Court first addresses Federal Respondents' jurisdictional arguments.

### A. Jurisdiction

Federal Respondents argue that this Court lacks jurisdiction under 8 U.S.C. §§ 1252(g) and (b)(9) to consider Petitioner's habeas petition. This Court already rejected these same "copy and paste" arguments several times, including in *Hernandez-Luna v. Noem*, No. 2:25-CV-01818-GMN-EJY, 2025 WL 3102039, at *2 (D. Nev. Nov. 6, 2025), *Alverez Guerra*, 2026 WL 949027 *2–4, and *Zarate v. Blanche*, No. 2:26-CV-00320-GMN-MDC, 2026 WL 1005872, at *2 (D. Nev. Apr. 14, 2026).[2] Federal Respondents fail to offer any meaningful basis for why the Court's previous analysis does not preclude their arguments here. The Court again concludes that 8 U.S.C. §§ 1252(g) and (b)(9) do not strip this Court of jurisdiction over this Petition.

---

[2] Not only has this Court rejected Federal Respondents' jurisdictional arguments under §§ 1252(g) and (b)(9) pertaining to petitioners seeking review of prolonged detention and denial of bond hearings, but these same arguments have also been rejected by every judge in this District and are unsupported by binding Ninth Circuit and Supreme Court precedent. *See Rodriquez v. Mullin, et al.*, No. 2:26-CV-00531-APG-NJK, 2026 WL 895685 (D. Nev. Apr. 1, 2026) (Chief Judge Gordon); *Maldonado Vazquez v. Feeley*, 805 F. Supp. 3d 1112 (D. Nev. 2025) (Judge Boulware); *Sarkisov v. Blanche, et al.*, No. 2:25-CV-02321-JAD-DJA, 2026 WL 949019 (D. Nev. Apr. 8, 2026) (Judge Dorsey); *Hernandez v. Mullin, et al.*, No. 3:26-CV-00219-ART-CSD, 2026 WL 937393 (D. Nev. Apr. 7, 2026) (Judge Traum); *Portillo v. Bondi*, No. 2:26-CV-00155-CDS-NJK, 2026 WL 800710 (D. Nev. Mar. 23, 2026) (Judge Silva); *Gallardo, Petitioner v. Mullin, et al.*, No. 2:26-CV-01135-MMD-MDC, 2026 WL 1229083 (D. Nev. May 5, 2026). As another court has stated, these jurisdictional arguments "beggar[ ] belief and appear[ ] to deliberately mislead the Court about the law." *Rivero v. Mina*, 817 F. Supp. 3d 1278, 1283 (M.D. Fla. 2026).

**B. *Zadvydas* Claim**

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Supreme Court has held that "the Due Process Clause protects [a noncitizen] subject to a final order of deportation." *Zadvydas*, 533 U.S. at 693–94. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of a final order of removal. 8 U.S.C. § 1231(a)(1). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons including a determination by DHS that "removal is not practicable or proper." *Id.*

Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689, 690. When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. The Supreme Court adopted a six-month period of presumptive reasonableness after the removal order is final and confirmed that "[a noncitizen] may be held in confinement until it has been determined that there is no

significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The Court further determined that "after this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. If the Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

**1. Rebuttable Presumption**

Federal Respondents argue that the Petition should be denied because Petitioner has not yet been detained for six months. (Fed. Resp. 10:14–21). As another judge in this district has explained, in *Zadvydas*, the Supreme Court adopted this six-month "presumption" to "guide lower court determinations." *Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-CV-02567-MMD-MDC, 2026 WL 266756, at *2 (D. Nev. Feb. 2, 2026) (quoting *Zadvydas*, 533 U.S. at 701)). But that presumption did not create a bright line rule that would "automatically authorize all detention until it reaches constitutional limits." *See Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020). Indeed, in *Vijdani v. Mattos, et al.*, this Court joined many other district courts and found that the six-month presumption in *Zadvydas* is rebuttable and therefore does not foreclose claims challenging detention less than six months. No. 2:25-CV-02496-GMN-EJY, 2026 WL 560209, at *3–4 (D. Nev. Feb. 27, 2026). The Court adopts its discussion of this issue in *Vijdani* here.

Here, Petitioner has been detained with a final order of removal since January 22, 2026—five months. Therefore, Petitioner's 90-day post-removal period has passed, and if Petitioner can demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future, he is eligible for release under supervision.

**2. Likelihood of Removal**

Petitioner demonstrates there is no significant likelihood of removal in the reasonably foreseeable future and Respondents fail to respond with evidence sufficient to rebut that showing. In January 2026, the BIA affirmed the IJ's order granting Petitioner withholding of removal from Cuba. (Immigration Docs. at 11, Ex. 5 to Pet.). Petitioner therefore cannot be removed to Cuba. And although Petitioner was ordered removed to Mexico on April 8, Respondents are currently enjoined from removing Petitioner "to a third country without providing [him] with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal." *Alvarez Guerra*, 2026 WL 949027, at *6. Petitioner contends these procedures have not occurred. (Pet. 16:24–17:3). Moreover, Petitioner argues that there is no evidence that Mexico would even accept him, (*id.* 16:25–26), and Respondents do not rebut this assertion. These allegations provide "good reason to believe that there is no significant likelihood of removal" to Cuba or Mexico in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. These facts are thus sufficient to satisfy Petitioner's initial burden.

Respondents wholly fail to respond to Petitioner's arguments regarding the reasonable foreseeability of his removal. They therefore fail to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future.

In sum, Petitioner demonstrates there is no significant likelihood of removal in the reasonably foreseeable future and Respondents fail to respond with any argument to rebut this showing. The Court therefore finds Petitioner's continuing detention violates the Due Process Clause of the Fifth Amendment.[3]

[3] Because the Court finds Petitioner is entitled to his sought-after relief, immediate release, on his claim that his continued detention violates his due process rights, the Court need not reach his other grounds for relief.

**C. Relief**

Petitioner requests that he be released from detention immediately. (Pet. 22:10). The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision. *Zadvydas* explains that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700. It further provides that the noncitizen's "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700. Moreover, when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Because the Court holds that Petitioner's continued detention violates the Fifth Amendment based on the analytical framework provided in *Zadvydas*, the Court finds that Petitioner's release, under reasonable terms of supervision as set for in 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5(a), is warranted. *See Zadvydas*, 533 U.S. at 699–700. Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 1), is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner must be released from detention **on June 23, 2026, between 12 p.m. and 3 p.m.** subject to reasonable terms of supervision as set for in 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5(a). Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as location

monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** that Respondents must return Petitioner's personal property upon his release.

**IT IS FURTHER ORDERED** that the parties must file a **JOINT** Status Report by **June 24, 2026**, to certify compliance with the Court's Order.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.

**IT IS FURTHER ORDERED** that Respondents remain enjoined from removing Petitioner to a third country without providing Petitioner with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

**IT IS FURTHER ORDERED** that Federal Respondents' Motion to Extend Time, (ECF No. 7), is **DENIED** as moot.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.

**DATED** this 22 day of June, 2026.

Gloria M. Navarro, District Judge
United States District Court